LORENZO D. DEWEY v. CHARLES KANER, COMMISSIONER OF HIGHWAYS.

*Highways—Proceedings for widening.*

1. Where a land-owner appeared in answer to a notice by the highway commissioner of a meeting to determine the necessity for altering and widening a highway, and objected to the proceedings on the ground that the application and notice and proof of service were not present, and was informed by the commissioner that they were at his house, and that if desired he would procure them, and his attorney answered that it would not be necessary to do so,—said papers being recorded in the proper record-book, which was present, and said land-owner having seen and inspected the original papers,—their absence will not invalidate the proceedings thereafter taken.

2. A highway commissioner is not obliged to enter into expensive litigation to determine whether a land-owner has encroached upon a public highway, as opened and used for many years, and who denies its legal existence, but may take him at his word and condemn his land for highway purposes, and pay him damages and compensation therefor.

*Certiorari* to the highway commissioner of the township

of Raisin, Lenawee county, to review proceedings altering and widening a highway.    Argued April 11, 1890.    Proceedings affirmed April 25, 1890.    The facts are stated in the opinion.

*Westerman & Westerman,* for petitioner, contended:

1. Admitting that the highway sought to be altered is one that has become such by public use, which is denied, it was the duty of the commissioner to have taken similar steps to those taken in the case of *Krueger v. LeBlanc,* 62 Mich. 70, 76.    This he did not do, but seems to have relied wholly upon the opinion and judgment of the petitioners as to the starting point for the center line of the highway as proposed to be altered, without reference to its true boundary.

2. Dewey denied the existence of the highway in good faith, and, when this fact appears, commissioners of highways and town boards have no jurisdiction; citing *Roberts v. Highway Commissioners,* 25 Mich. 23; *Bennett v. Robinson,* 27 Id. 26; *Campau v. Button,* 33 Id. 527; *Gregory v. Stanton,* 40 Id. 272; *Shue v. Highway Commissioner,* 41 Id. 638; *Willson v. Gifford,* 42 Id. 456; *Gregory v. Knight,* 50 Id. 63; *Riggs v. Sterling,* 51 Id. 159.

*Watts & Smith,* for respondent.

CHAMPLIN, C. J.    Application was made on October 9, 1888, to the commissioner of highways of the township of Raisin, in the county of Lenawee, to alter and widen a certain highway in said township, so that it should be four rods wide.    The center line of such highway, when widened, was particularly set forth in the petition.    The commissioner gave notice to the parties interested, and who would be affected by the alteration, of the application, and of the time and place when and where he would meet to proceed to view the premises described in the application and notice, and ascertain and determine the necessity of so altering said highway, and appraise the damage.    The time appointed was October 26, 1888, at 1 o'clock P. M.    At the time and place appointed the com-

missioner met. Proof of service of notice personally upon
L. D. Dewey, the petitioner, showed that such notice
had been served on October 12, 1888. The commissioner
proceeded to view the premises, and determined that it
was necessary to alter said highway pursuant to the
application, and to take the land described therein for
the use of the public for a public highway; and he ascer-
tained and appraised the damage of petitioner by reason
of taking a strip of his land therefor at $130, said peti-
tioner being the only person who claimed damage there-
for. The proceedings and return of the commissioner
were duly returned to the office of the township clerk,
and recorded October 27, 1888. The return shows that
the damages awarded to petitioner were tendered to him on
May 17, 1889. It further appears by the return that at
the time and place appointed for meeting on October 26,
1888, petitioner appeared before him with his attorney,
and filed written objections against the commissioner
proceeding, as follows:

"We object to the commissioner proceeding in this
matter, for the following reasons:

"1. Because no proper notice was served.

"2. Because there is no description of the highway to
be altered as required by law.

"3. Because the highway spoken of in the notice
served does not in fact exist.

"4. Because there is no highway crossing the descrip-
tion mentioned in said notice.

"5. Because there is no description of any highway to
be altered, contained in said notice.

"6. Because no notice was given as required by law.

"7. Because the original petition is not present to be
viewed by any one.

"8. Because there is no proof of service, or any
notice.                            L. D. DEWEY."

The action of the commissioner was not challenged
until July 8, 1889, when this writ of *certiorari* was sued

out. The errors assigned in the affidavit for *certiorari* are as follows:

"1. Because it does not appear by said record or proceedings that there is a legal highway to be altered.

"2. Because it does not appear in any of the proceedings taken to alter said alleged highway that at the time of the hearing upon the application therefor the commissioner had present at such hearing said application, notice, or affidavit, as the law requires.

"3. Because said commissioner did not have such application, affidavit, or notice present at such hearing.

"4. Because no such notice as the law requires in such cases was ever served upon this deponent.

"5. Because the application hereto attached does not give the highway commissioner jurisdiction to alter a highway, or to act in the premises.

"6. Because the highway spoken of in the proceedings does not in fact exist."

The return shows that there was a public highway for the past 30 years and upwards along the line described in the application, which was open and traveled by the public, and worked as a public highway; that since said Dewey has purchased the land adjoining such highway he has been constantly encroaching thereon, setting his fences further into the highway towards the center thereof, claiming there was no highway there. The return further shows that notice of the application was duly served upon petitioner, and that such notice is in form and substance sufficient.

As to the second and third assignments of error, the return shows that the petitioner appeared by his attorney, and objected to the proceedings on the ground that the application and notice and proof of service were not present; and that the commissioner then informed them that he had left said papers at home, but would go for them if desired, but said attorney remarked that it would not be necessary. The return further shows that the original papers had been seen and inspected by petitioner prior to

said day, and that the record thereof in the record-book kept by the town clerk was present at said time. Under these circumstances, the second and third assignments of error must be overruled.

The fourth assignment of error is overruled. We have already observed that the notice was sufficient.

The first, fifth, and sixth assignments are overruled. The return shows with sufficient certainty that there was a legal highway existing to alter; that it was not four rods wide; that petitioner claimed to own the land which would be affected by widening the highway to its legal width. The township authorities were not obliged to enter into an expensive litigation to determine whether Dewey had encroached upon the highway, when the question was in doubt, and the fact disputed. Dewey cannot complain because they took him at his word, and proceeded to condemn his land for highway purposes, and pay him damages and compensation therefor. The return makes a complete answer to the petition, and shows that the errors alleged do not exist.

The proceedings of the highway commissioner must be affirmed, with costs against the plaintiff in *certiorari*.

The other Justices concurred.